Qin Li (SBN 349218)
liqin@concordsage.com
Concord&Sage PC
1360 Valley Vista Dr Ste 140
Diamond Bar, CA 91765
Telephone: (858) 568-1696
Facsimile: (858) 437-9891

Attorneys for Plaintiff
Tikbooks Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIKBOOKS INC.,<br><br>Plaintiff,<br><br>v.<br><br>BIG RIVER BOOKS, LLC<br><br>Defendant. | Case No. 2:26-cv-10086<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**17 U.S.C. §§ 106 AND 501**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TIKBOOKS INC. (“Tikbooks” or “Plaintiff”), by and through its undersigned counsel, brings this Complaint against Defendant BIG RIVER BOOKS, LLC (“Defendant”), and alleges as follows:

## I. NATURE OF THE ACTION

1. This action arises from Defendant's unauthorized public display, offer for sale, sale, and distribution of a book that copies protected expression from Plaintiff's registered cover artwork and text.

2. Plaintiff owns the copyrights in the original two-dimensional cover artwork (the "Cover Artwork") and original text (the "Book Text") for the work entitled 100000 Whys: Building the Ultimate Brain for Kids, registered with the United States Copyright Office under Registration Nos. VA0002490624 and TX0009604619, respectively (collectively, the "Copyrighted Works").

3. The Copyrighted Works contain original expression created for and owned by Plaintiff and used in Plaintiff's educational books for children.

4. Defendant operates and controls an Amazon.com storefront under the name "Big River Books LLC." Through that storefront, Defendant markets and sells books to consumers throughout the United States, including consumers in California.

5. Through its Amazon.com storefront, Defendant advertised, offered for sale, sold, and distributed a book listed as Children's Encyclopedia "Why 100,000?" Extracurricular Reading for Primary School Students (Building Ultimate Brain), Amazon Standard Identification Number B0G5ZQPVYB (the "Accused Work").

6. Defendant's listing and the physical copy obtained through that listing use a dark-blue, space-themed front cover that closely reproduces Plaintiff's Cover Artwork, including the dominant gold title "100000 WHYS," the rocket and celestial imagery, the ornamental framing, the red banner, and the central cartoon composition. The Accused Work also reproduces Plaintiff's back-cover artwork and substantial portions of Plaintiff's Book Text.

7. Corresponding interior pages of the Accused Work repeat the same

question headings, explanatory passages, informational text boxes, and textual sequence found in Plaintiff's authorized publication. They also use closely corresponding illustrations and page layouts.

8. Defendant commercially exploited the Accused Work through Amazon.com. On August 28, 2026, Plaintiff purchased a test copy through Defendant's listing under Amazon Order No. 111-6757318-6759447. The order directed delivery to 5556 Ontario Mills Parkway, 5643 194th Street, Ontario, California 91764-5117, and the shipment was recorded under Tracking No. 9241990318449004751637.

9. Plaintiff brings this action to stop Defendant's continuing infringement and recover the relief available under the Copyright Act.

## II. JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

11. This Court has specific personal jurisdiction over Defendant because Defendant purposefully directed commercial activity toward California, including through an interactive Amazon.com storefront that offered the Accused Work to California consumers and through the transaction described below.

12. Defendant purposefully availed itself of the privilege of conducting commercial transactions in California by advertising the Accused Work to California

consumers, accepting payment for a test purchase directed to this District, and causing the Accused Work to enter the distribution stream for delivery here.

13. On August 28, 2026, Plaintiff placed an order through Defendant's Amazon.com listing for one copy of the Accused Work and directed delivery to 5556 Ontario Mills Parkway, 5643 194th Street, Ontario, California 91764-5117, within the Central District of California.

14. Amazon assigned the transaction Order No. 111-6757318-6759447. The shipment associated with that order was assigned Tracking No. 9241990318449004751637.

15. Plaintiff's claims arise directly from Defendant’s commercialization and distribution of the Accused Work, including Defendant's sale and shipment of the test copy into this District.

16. The exercise of specific personal jurisdiction over Defendant therefore comports with due process.

17. Venue is proper in this District under 28 U.S.C. § 1400(a) because Defendant may be found here for purposes of Plaintiff's copyright claims. Defendant is subject to specific personal jurisdiction here based on the infringing transaction directed to this District.

18. Defendant's contacts with this District are not incidental to this action. The same sale, shipment, and public display that establish Defendant's forum contacts also form part of the infringement alleged below.

## III. THE PARTIES

19. Plaintiff Tikbooks Inc. is a corporation with an address at 565 Washington Way, Cumming, Georgia 30040.

20. Tikbooks creates, publishes, markets, and sells educational books and related content for children.

21. Defendant Big River Books, LLC is, upon information and belief, a limited liability company organized under the laws of the State of Georgia.

22. Upon information and belief, Defendant maintains a business address at 5001 McNeel Industrial Boulevard, Powder Springs, Georgia 30127.

23. Upon information and belief, Defendant owns, operates, controls, or conducts business through an Amazon.com storefront operating under the name "Big River Books LLC," Seller ID A3A3EYBOM51W2 (the "Big River Store").

24. Defendant uses the Big River Store to advertise, offer for sale, sell, and distribute books to consumers throughout the United States.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff and the Copyrighted Works

25. Tikbooks develops and publishes educational works for children, including works that combine original text, illustrations, and graphic designs.

26. Plaintiff created the Cover Artwork and Book Text for the children's educational book entitled 100000 Whys: Building the Ultimate Brain for Kids.

27. The Copyrighted Works were created in 2025 and were first published

in the United States on August 1, 2025.

28. On December 26, 2025, the United States Copyright Office registered the Cover Artwork under Registration No. VA0002490624.

29. On December 26, 2025, the United States Copyright Office registered the Book Text under Registration No. TX0009604619.

30. True and correct copies of the Copyright Office registration records for the Copyrighted Works are attached hereto as Exhibit A.

31. The Cover Artwork presents a distinctive dark-blue, space-themed design centered on the title “100000 WHYS,” surrounded by ornamental gold elements, a rocket, celestial objects, a framed central cartoon illustration, and other decorative imagery.

32. Plaintiff does not claim copyright protection in the general idea of a children's science encyclopedia, scientific questions, or facts. Plaintiff's copyrights protect its particular visual expression and the original selection, wording, organization, and presentation of the Book Text.

33. Plaintiff's expressive choices include the title's typography, scale, and placement; the selection and arrangement of decorative and illustrated cover elements; and the wording, sequence, headings, explanatory passages, informational text boxes, and other textual expression in the book.

**B. Defendant’s Accused Work**

34. Defendant advertised and sold through the Big River Store a book listed

as Children's Encyclopedia “Why 100,000?” Extracurricular Reading for Primary School Students (Building Ultimate Brain), identified by Amazon Standard Identification Number B0G5ZQPVYB.

35. Defendant's listing displays the Accused Work with a dark-blue, space-themed front cover featuring the dominant gold title “100000 WHYS,” the words “BUILDING THE ULTIMATE BRAIN FOR KIDS,” a rocket, celestial imagery, ornamental gold flourishes, a red banner reading “FUN AND JOYFUL SCIENCE,” and a framed central cartoon scene that closely corresponds to Plaintiff's Cover Artwork.

36. The August 28, 2026 test order identifies an item subtotal of $27.01, shipping and handling of $4.49, no estimated tax, and a grand total of $31.50.

37. The listing identified Big River Books LLC as the seller and offered the Accused Work for delivery to consumers in California.

38. Plaintiff preserved the product listing, seller disclosure, purchase record, shipment record, and physical test copy.

**C. Defendant’s Copying of Plaintiff’s Copyrighted Works**

39. The Accused Work copies protected expression embodied in Plaintiff's Book Text and Cover Artwork, including Plaintiff's front-cover and back-cover designs. Defendant's Amazon listing also publicly displays copied cover and spine artwork.

40. Defendant did not merely sell a different book addressing the same

general subject. The Accused Work reproduces Plaintiff's front-cover and back-cover artwork and substantial portions of Plaintiff's original written expression, while Defendant's listing displays copied exterior artwork.

41. A side-by-side comparison demonstrates extensive corresponding expressive elements, including the following.

**1. Front Cover**

42. Plaintiff's Cover Artwork uses a dark-blue background and a distinctive centered composition built around the large gold title "100000 WHYS," framed by gold ornamental elements and surrounded by space-themed imagery.

43. The Cover Artwork also includes a rocket in the upper-right portion of the composition, a framed central cartoon scene, smaller decorative characters and objects, a red banner beneath the title, and a coordinated visual hierarchy extending from the title to the central illustration and lower decorative elements.

44. The Accused Work's front cover reproduces the same dark-blue background, oversized gold title, rocket and celestial imagery, red banner, ornamental framing, central cartoon scene, decorative animal figures, Plaintiff's TIKBOOKS branding and overall visual hierarchy appearing in Plaintiff's Cover Artwork.

**2. Back Cover and Spine**

45. Plaintiff's authorized publication uses a coordinated dark-blue back-cover design featuring the title "100000 WHYS," a central steam-locomotive illustration, ornamental framing, promotional text, Plaintiff's TIKBOOKS branding,

creator credits, and an ISBN and barcode.

46. The back cover of the Accused Work reproduces Plaintiff's central steam-locomotive illustration, ornamental framing and corner flourishes, title treatment, promotional text, color scheme, and overall arrangement.

47. The Accused Work omits Plaintiff's TIKBOOKS branding, ISBN and barcode, and creator and publishing credits from the back cover, but those omissions do not alter the substantial similarity of the remaining protected visual expression.

48. Defendant's Amazon listing depicts the Accused Work with a spine that reproduces the vertical placement of "FOR KIDS" and "100000 WHYS," the red-banner treatment, the gold ornamental motif, Plaintiff's TIKBOOKS branding and the author name appearing on Plaintiff's spine.

**3. Interior Text and Illustrations**

49. The Accused Work reproduces substantial portions of Plaintiff's Book Text and places that text on closely corresponding interior pages.

50. Corresponding page spreads repeat the same question headings, explanatory paragraphs, informational text boxes, textual sequence, and page structure found in Plaintiff's authorized publication.

51. The corresponding pages also use closely matching character illustrations, decorative elements, colors, and relative placement. Those similarities corroborate copying from Plaintiff's publication rather than independent creation.

52. Plaintiff does not claim copyright protection in scientific facts,

questions, or educational topics standing alone. The infringement lies in Defendant's distribution and public display of copies that reproduce Plaintiff's original wording and other protected expression, including Plaintiff's selection, coordination, and arrangement of that expression.

**4. Overall Copying**

53. The Accused Work is not merely another book addressing similar scientific topics. Its front and back covers reproduce protected elements of Plaintiff’s exterior artwork, Defendant’s listing publicly displays copied spine artwork, and its interior reproduces substantial portions of Plaintiff’s Book Text on closely corresponding pages.

54. The Accused Work repeats substantial portions of Plaintiff’s Book Text verbatim or nearly verbatim, including corresponding headings, explanatory passages, and informational text boxes.

55. The accompanying illustrations, decorative elements, and page layouts also correspond closely to Plaintiff’s authorized publication and further corroborate Defendant’s copying of Plaintiff’s Book Text.

56. The principal differences are the addition of “FOR KIDS” to the upper front-cover text; the omission of Plaintiff's TIKBOOKS branding, copyright page, creator credits, ISBN, and barcode; the delivered copy's substantially blank spine; differences in trimming; and inferior printing and binding quality.

57. Those differences do not eliminate the extensive copying appearing in

the Accused Work's front cover, back cover, and interior text, or in the spine image publicly displayed in Defendant's Amazon listing.

58. The extent of the copying is particularly apparent when Plaintiff's authorized publication and the Accused Work delivered through the Big River Store are viewed side by side.

59. Representative side-by-side comparisons of Plaintiff's Copyrighted Works and the Accused Work are attached hereto as Exhibit B.

**D. Defendant's Commercial Exploitation of the Accused Work**

60. Defendant has used copied expression from Plaintiff's Cover Artwork and Book Text to advertise and sell the Accused Work through Amazon.com.

61. Defendant's Amazon listing made the Accused Work available for purchase by consumers throughout the United States, including consumers in California.

62. On August 28, 2026, Plaintiff purchased one copy of the Accused Work through the Big River Store and directed delivery to 5556 Ontario Mills Parkway, 5643 194th Street, Ontario, California 91764-5117, within this District.

63. Defendant accepted the order, and Amazon assigned the transaction Order No. 111-6757318-6759447.

64. The order designated 5556 Ontario Mills Parkway, 5643 194th Street, Ontario, California 91764-5117 as the shipping destination.

65. Defendant caused a copy of the Accused Work to enter the distribution

stream for shipment to this District. The shipment was assigned Tracking No. 9241990318449004751637.

66. Plaintiff preserved evidence of Defendant's listing and seller disclosure, the purchase transaction, shipment, delivery, and the physical copy of the Accused Work.

67. Plaintiff has never authorized Defendant to reproduce, adapt, display, distribute, advertise, sell, or otherwise exploit either Copyrighted Work.

**E. Substantial Similarity and Unauthorized Copying**

68. The similarities between the Copyrighted Works and the Accused Work concern Plaintiff's particular written expression and protected exterior artwork. They are not limited to a book title, educational concepts, scientific facts, themes, or scènes à faire.

69. Viewed individually and collectively, the copied front-cover and back-cover designs, spine artwork displayed in the listing, textual wording, sequence, headings, informational text boxes, and closely corresponding interior illustrations and layouts demonstrate substantial copying of Plaintiff's original expression.

70. Defendant's infringement is not limited to isolated words, facts, or commonplace visual elements. The Accused Work reproduces substantial portions of Plaintiff's Book Text and protected elements of Plaintiff's front-cover and back-cover artwork. Defendant's listing also displays protected elements of Plaintiff's spine artwork.

71. The Accused Work is not a lawfully made copy. It embodies protected expression copied from Plaintiff's Copyrighted Works without authorization.

72. Defendant publicly displayed, offered for sale, sold, and distributed the Accused Work without Plaintiff's consent or authorization.

## V. FIRST CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT

## 17 U.S.C. §§ 106 AND 501

73. Plaintiff repeats and realleges paragraphs 1 through 72 as though fully set forth here.

74. Plaintiff owns valid copyrights in the Copyrighted Works, including United States Copyright Registration Nos. VA0002490624 and TX0009604619.

75. Under 17 U.S.C. § 106, Plaintiff holds the exclusive rights, among others, to reproduce the Copyrighted Works, prepare derivative works, distribute copies to the public, and publicly display the Copyrighted Works.

76. Without Plaintiff's authorization, Defendant publicly displayed copied artwork in its Amazon listing and sold and distributed the Accused Work, which reproduces protected expression from the Cover Artwork and Book Text.

77. Defendant's unauthorized sale and distribution of the Accused Work violate Plaintiff's exclusive distribution right. Defendant's display of copied artwork in the listing also violates Plaintiff's exclusive public-display right.

78. Defendant's conduct violates 17 U.S.C. § 106 and constitutes copyright

infringement under 17 U.S.C. § 501.

79. Defendant's infringement has injured Plaintiff and will continue to do so unless enjoined.

80. Defendant has received revenue, profits, and other commercial benefits from its unauthorized exploitation of Plaintiff's copyrighted expression.

81. Plaintiff is entitled to recover its actual damages and Defendant's profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), in amounts to be proven at trial.

82. Defendant's infringement is ongoing or threatens to continue unless restrained.

83. Plaintiff is entitled to seek injunctive relief under 17 U.S.C. § 502.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff TIKBOOKS INC. respectfully requests that judgment be entered in its favor and against Defendant as follows:

A. Declaring that Defendant has infringed Plaintiff's copyrights in the Copyrighted Works;

B. Preliminarily and permanently enjoining Defendant, and all persons acting in concert or participation with Defendant who receive actual notice of the injunction, from reproducing, copying, adapting, displaying, distributing, advertising, marketing, offering for sale, selling, or otherwise exploiting either of the Copyrighted Works or any work substantially similar thereto in protected

expression;

C. Ordering Defendant to cease the manufacture, importation, distribution, advertising, offering for sale, and sale of the Accused Work incorporating Plaintiff's protected visual or written expression;

D. Awarding Plaintiff its actual damages and any profits of Defendant attributable to the infringement pursuant to 17 U.S.C. § 504(b);

E. Awarding Plaintiff prejudgment and post-judgment interest to the extent permitted by law;

F. Awarding Plaintiff its costs and such attorneys' fees as may be available under applicable law;

G. Granting such other and further relief as the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 9, 2026

Respectfully submitted,

/s/ Qin Li
Concord&Sage PC
1360 Valley Vista Dr Ste 140
Diamond Bar, CA 91765
Telephone: (858) 568-1696
liqin@concordsage.com
*Attorney for Plaintiff*